IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

APRIL MIGUELE, ET AL.          :
                               :
    v.                         :        Civil Action No. CCB-04-3460
                               :
WELLS FARGO BANK, N.A.         :
                    ...o0o...

## MEMORANDUM

Now pending before the court is a motion for leave to file an amended complaint, submitted by the plaintiffs, April Miguele, Tamala Sappington, and Annette Walker. The issues in this motion have been fully briefed and no hearing is necessary. Local Rule 105.6. For the reasons stated below, the motion for leave to file an amended complaint will be denied.

## BACKGROUND

On October 27, 2004, April Miguele ("Miguele"), Tamala Sappington ("Sappington"), and Annette Walker ("Walker") filed their initial complaint against Wells Fargo Bank, N.A. ("Wells Fargo"), alleging, among other counts, violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. All three plaintiffs were employed by the defendant in its quality assurance department and maintain that they worked in excess of forty hours per week but were not paid overtime for the excess hours. (Pls.' Mot. for Leave to Amend, Ex. 1, Walker Aff. at ¶¶ 2, 4; Ex. 2, Miguele Aff. at ¶¶ 2, 5; Ex. 3, Sappington Aff. at ¶¶ 2, 5.) Though Walker was treated as an exempt employee by Wells Fargo from her start date on October 15, 2002, both Miguele and Sappington were first treated as nonexempt employees and received overtime pay until April 1, 2002, when Wells Fargo reclassified the entire quality assurance department as exempt employees. (Id. at Ex. 1, Walker

Aff. at ¶ 4; Ex. 2, Miguele Aff. at ¶¶ 4-5; Ex. 3, Sappington Aff. at ¶¶ 4-5.) The plaintiffs all assert that they were uncertain at the time they filed suit whether their coworkers in the quality assurance department also were denied overtime wages, but that they now "believe" all members of the department were not paid overtime[1]. (Id., Exs. 1, 2, 3, at ¶ 7.) On March 21, 2005, the plaintiffs submitted this motion for leave to amend in order to include their coworkers in this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b). They also urge the court to order Wells Fargo to provide them with the names and addresses of all the Wells Fargo employees who worked in the quality assurance department during the three years prior to the filing of this suit.

## ANALYSIS

Leave to amend under Fed.R.Civ.P.15(a) "shall be freely given when justice so requires." Island Creek Coal Co. v. Lake Shore, Inc., 832 F.2d 274, 279 (4th Cir. 1987). Thus, motions to amend are generally granted "in the absence of an improper motive, such as undue delay, bad faith, or repeated failure to cure a deficiency by amendments previously allowed." Harless v. CSX Hotels, Inc., 389 F.3d 444, 447 (4th Cir. 2004). If an amendment will cause undue prejudice to the opposing party or is futile, however, the motion to amend will not be granted. See Ward Electronics Service, Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987)(citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Permitting the plaintiffs to amend the complaint and thereafter request court-assisted notice would be futile. Certification of a case as a collective action under 29 U.S.C. §216(b) generally is a

---

[1] No explanation or evidentiary support for this "belief" is provided.

two-step process, and the first step requires the plaintiffs to make a sufficient factual showing that a similarly situated plaintiff exists. Camper v. Home Quality Management, Inc., 200 F.R.D. 516, 519-20 (D.Md. 2000); H & R Block Ltd. v. Housden, 186 F.R.D. 399, 400, (E.D. Tex. 1999); D'Anna v. M/A-COM, Inc., 903 F.Supp. 889, 893-94 (D.Md. 1995). The plaintiffs in this case have presented nothing more than conclusory allegations of their "belief;" they have not named other plaintiffs, presented affidavits of potential plaintiffs, or otherwise presented evidence of a widespread discriminatory plan. H & R Block, 186 F.R.D. at 400.

For the reasons stated above, plaintiffs' motion for leave to amend their complaint will be denied as futile.

A separate order follows.

   April 27, 2005                                                            /s/
Date                                                                  Catherine C. Blake
                                                                      United States District Judge